IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. 07-80244-CIV-MIDDLEBROOKS/JOHNSON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CLAUDE R. KIRK, JR. and ERIKA KIRK, | ) |
| | ) |
| Defendants. | ) |

**UNITED STATES' OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

For the reasons stated in the memorandum in support of this opposition and in its motion for summary judgment, the United States of America opposes the defendants' motion for summary judgment. The undisputed material facts demonstrate that defendant Claude R. Kirk, Jr. ("Kirk") incurred income tax liabilities for the years 1995, 1996, 1997, 1998, 2000, 2001, 2002, 2003, and 2005, and that he is indebted to the United States for those taxes. The undisputed facts further demonstrate that defendant Erika Kirk is holding title to the Kirks' personal residence as the nominee of Kirk.

Accordingly, the United States respectfully requests that the Court deny the defendants' motion for summary judgment and instead grant the United States summary judgment: (1) reducing the assessments against defendant Claude R. Kirk, Jr. for unpaid income taxes for the years 1995, 1996, 1997, 1998, 2000, 2001, 2002, 2003, and 2005 to judgment and determining that Claude R. Kirk, Jr. is indebted to the United States in the amount of $320,374.20 as of September 1, 2007, plus fees, interest, and all statutory additions thereafter as provide by law;

and (2) declaring that defendant Erika Kirk is holding title to the property at issue in this proceeding as a nominee on behalf of Claude R. Kirk, Jr.

        R. ALEXANDER ACOSTA
        United States Attorney

        /s/ Thomas F. Koelbl
        THOMAS F. KOELBL
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 14198
        Ben Franklin Station
        Washington, D.C.  20044
        Telephone: (202) 514-5891
        Facsimile: (202) 514-9868
        thomas.f.koelbl@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No.  07-80244-CIV-MIDDLEBROOKS/JOHNSON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CLAUDE R. KIRK, JR. and ERIKA KIRK, | ) ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF UNITED STATES' OPPOSITION
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

The United States brought this action to reduce to judgment unpaid federal income tax liabilities of defendant Claude R. Kirk, Jr. ("Kirk") and to obtain a judgment that defendant Erika Kirk is holding title to the Kirks' personal residence as a nominee on behalf of Kirk.  On September 4, 2007, both the United States and the Kirks moved for summary judgment, and the United States now opposes the defendants' motion.  The United States does not dispute the Kirks' contention that there are no material facts in dispute.  Rather, the United States opposes the defendants' motion for summary judgment because the undisputed facts establish that the United States is entitled to summary judgment on both counts of its complaint.

As explained in the United States' motion for summary judgment, there are no material facts in dispute in this case.  Kirk does not dispute his tax liability, and discovery in this case has shown that Erika Kirk is Kirk's nominee with respect to their personal residence.  Kirk provides all the funds for the property; the mortgage, utility bills, and property taxes are paid from Kirk's income.  Erika Kirk did not pay any consideration for the property.  Indeed, Kirk handles all

-1-

financial transactions related to the property, and Erika Kirk has no knowledge of why the property was titled in her name. There is a close relationship between the nominee and the taxpayer; they are husband and wife. Kirk maintains possession and control of the property. He has lived there continuously since the property was purchased. Kirk is listed on the mortgage documents for the property, and he has filed income tax returns separate from his wife on which he deducts the mortgage interest paid on the property. Finally, Kirk admitted that the property was titled in his wife's name in an attempt to keep it from the reach of the IRS.

## ARGUMENT

In their motion for summary judgment, the Kirks argue that Erika Kirk is not a nominee of Kirk, and that, consequently, the United States' tax liens do not attach to the Kirks' personal residence. The Kirks argue that consideration of the factors courts typically examine when determining whether a third party holds property as the nominee of a taxpayer leads to this conclusion. To the contrary, consideration of those factors demonstrates that Erika Kirk is holding title to the Kirks' residence as the nominee of Kirk.

As explained more fully in the United States' motion for summary judgment, the nominee determination turns on the facts and circumstances of each case. Simpson v. United States, 1989 WL 73212, *6 (M.D. Fla.). "As has been noted by virtually all courts, there is no exact science to the nominee/alter ego analysis and no single factor is necessarily decisive." United States v. Engels, 2001 U.S. Dist. LEXIS 17247, at *41-42 (N.D. Iowa 2001). The court in Simpson v. United States articulates factors that courts typically consider when determining whether a third party holds property as the nominee of a taxpayer: "(1) whether the taxpayer expended personal funds for the property; (2) whether the taxpayer enjoys the benefits of the property; (3) the close family relationship between the taxpayer and the titleholder; (4) whether

the taxpayer exercises dominion and control over the property; and (5) whether the record titleholder interferes with the taxpayer's use of the property." Simpson v. United States, 1989 WL 73212, *6 (M.D. Fla.); see also Cody v. United States, 348 F. Supp. 2d 682, 694-5 (E.D. Va. 2004) (listing similar factors).

The Kirks first argue that Kirk did not expend personal funds for the property. Because the property was purchased with funds obtained from a mortgage signed by both of the Kirks, they argue, there is no evidence that Kirk purchased the property with his funds. (Kirks' SJ Motion pp. 6-7.) To the contrary, that the Kirks obtained a mortgage in both of their names demonstrates that Kirk did indeed have an interest in the property. Moreover, despite the Kirks' joint mortgage, Kirk did expend–and continues to expend–his personal funds for the property. For each year since the Kirks acquired the property, only Kirk has paid the mortgage. (Gov. SJ Motion, Ex. 3 p. 16.) He has also deducted the total mortgage interest on his separately filed income tax returns. (Gov. SJ Motion, Ex. 3 p. 41-42, 44, 45-46, 47; Gov. Ex. 9, 10, 11, Dep. of Claude Kirk Ex. 7-9.) Likewise, Kirk has paid the utility bills and the property taxes on the property. (Gov. SJ Motion, Ex. 3 p. 47-48.) Indeed, nearly all the money that is used to pay expenses related to the property is derived from Kirk's income. (Gov. SJ Motion, Ex. 3 pp. 47-48.) Further, Erika Kirk did not pay any consideration for the property. She has not been employed since the Kirks moved into the property, and her only source of income–her social security checks–have been placed into a savings account by her and only used in emergencies. (Gov. SJ Motion, Ex. 4 pp. 5-6, 10-12.)

Regarding the remaining factors, the Kirks do not dispute that they would weigh in favor of a nominee determination under the typical analysis conducted by courts. The Kirks do not dispute that Kirk enjoys the benefits of the property, that there is a close family relationship

-3-

between Kirk and Erika Kirk, that Kirk exercises dominion and control over the property, or that Erika Kirk does not interfere with Kirk's use of the property. (Kirks' SJ Motion pp. 8-10.) Instead, the Kirks argue that these factors are not probative in a situation involving a husband and wife. Under this circular argument, because the Kirks, as husband and wife, satisfy these factors, these factors should not be considered in the nominee analysis. Yet the Kirks do not show why these factors would point to any conclusion other than that Erika Kirk is holding title to the Kirks' residence as the nominee of her husband. Clearly, the factors point to the courts being most concerned with a nominee situation in just such a husband-wife relationship.

Finally, the Kirks summarily assert that Kirk "never intended to have any ownership interest in the subject property, notwithstanding the fact that he co-signed on the mortgage note and assumed personal liability for the loan." (Kirks' SJ Motion p. 12.) This assertion, however, is unsupported by the evidence, and merely leads one back to consideration of the factors discussed above. Thus, the Kirks have presented no evidence supporting their contention that Erika Kirk is not the nominee of Kirk regarding their personal residence. Instead, the evidence demonstrates that Erika Kirk is holding title to the property at issue in this proceeding as the nominee for her husband.

## CONCLUSION

For the reasons discussed above and in the United States' motion for summary judgment, the United States respectfully requests that the Court deny the defendants' motion for summary judgment. The undisputed material facts demonstrate that defendant Erika Kirk is holding title to the Kirks' personal residence as the nominee of Kirk. Consequently, as explained in the United States' motion for summary judgment, the Court should grant summary judgment in favor of the United States instead.

Respectfully submitted,

R. ALEXANDER ACOSTA
United States Attorney

/s/ Thomas F. Koelbl
THOMAS F. KOELBL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-5891
Facsimile: (202) 514-9868
thomas.f.koelbl@usdoj.gov

**CERTIFICATE OF SERVICE**

      I certify that service of the foregoing United States' Opposition to Defendants' Motion for Summary Judgment has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 21st day of September, 2007:

        Michael R. Tein
        Lewis Tein, P.L.
        3059 Grand Avenue, Suite 340
        Coconut Grove, FL 33133

        /s/ Thomas F. Koelbl
        THOMAS F. KOELBL
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 14198
        Ben Franklin Station
        Washington, D.C.  20044
        Telephone: (202) 514-5891
        Facsimile: (202) 514-9868
        thomas.f.koelbl@usdoj.gov